

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/13/2014

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 13-33464 |
| DELMIS I. FUENTES | § | CHAPTER 13 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |

### MEMORANDUM OPINION
**(Docket Nos. 54 and 63)**

  Before the Court are the (i) Notice of Post-Petition Mortgage Fees, Expenses, and Charges filed by JPMorgan Chase Bank, N.A. ("Chase") and (ii) Debtor's Motion for Determination of Post-Petition Mortgage Fees, Expenses, and Charges Filed by JPMorgan Chase Bank, N.A. At issue is Chase's entitlement to recover its attorney's fees during the period after the bankruptcy filing and prior to confirmation of the Debtor's chapter 13 plan when Chase is an undersecured creditor. In order to resolve the parties' dispute, the Court must reconcile the language of 11 U.S.C. §§ 506 and 1322(b)(2). For the reasons set forth below, this Court finds that Chase is not entitled to recover its fees under the circumstances present in this case. A separate order consistent with this opinion will issue.

### Procedural Background

  Delmis Fuentes (the "Debtor") filed a voluntary chapter 13 case on June 3, 2013 (the "Petition Date"). The hearing to consider confirmation of the Debtor's proposed plan has been continued on several occasions.

  The Debtor's principal residence is encumbered with a mortgage lien in favor of Chase. On October 18, 2013, Chase filed its Notice of Post-Petition Mortgage Fees, Expenses, and Charges under FED. R. BANKR. P. 3002.1 (the "Notice") [Docket No. 54]. In the Notice, Chase seeks the reimbursement of attorney's fees from the Debtor in the amount of $475.00 that were incurred after the filing of the Debtor's bankruptcy and prior to confirmation of a plan.

  On November 1, 2013, the Debtor filed her Motion for Determination of Post-Petition Mortgage Fees, Expenses, and Charges Filed by JPMorgan Chase Bank, N.A. (the "Motion") [Docket No. 63]. In the Motion, the Debtor asserts that Chase is not entitled to recover any attorney's fees under the plain reading of 11 U.S.C. § 506(b). More specifically, the Debtor asserts that because her home is worth $88,603.00 and Chase's debt is $139,409.49, 11 U.S.C. § 506(b) prevents Chase from recovering any fees due to its status as an undersecured creditor.

  On December 17, 2013, the Court conducted a hearing on both the Notice and the Motion. At the hearing, the parties requested that the Court issue its ruling based on stipulated facts. The parties submitted their stipulated facts on December 18, 2013 [Docket No. 70].

Chase submitted its brief in support of its position on January 8, 2014 [Docket No. 71]. The Debtor filed her brief on January 10, 2014 [Docket No. 72]. Chase filed an amended brief on January 22, 2014 [Docket No. 73].

## The Stipulations

The parties stipulated to the following facts which are accepted by the Court for purposes of issuing this decision:

1. The Debtor filed a chapter 13 bankruptcy case on June 3, 2013.

2. On the Petition Date, the Debtor was the owner of real property located at 7475 Dillion Street in Houston, Texas (the "Property").

3. On the Petition Date, the Property was the Debtor's primary residence.

4. On the Petition Date, Chase was the holder of a Texas Home Equity Note dated September 14, 2007 in the original principal amount of $118,400 (the "Note").

5. On the Petition Date, the Note was secured by a lien on the Property pursuant to the terms of a Texas Home Equity Security Agreement (the "Security Agreement"). A copy of the Security Agreement was submitted with the parties' stipulations. The Court accepts the submission as a joint exhibit.

6. On the Petition Date, Chase asserts that it was owed $139,409.49.

7. The Property is worth $88,603.

8. Chase's claim is undersecured.

9. On October 18, 2013, Chase filed a Notice of Post-Petition Mortgage Fees, Expenses and Charges [Docket No. 54]. The Notice seeks the recovery of $475.00 in post-petition, pre-confirmation attorney's fees (the "Fees"). The Fees were related to preparation of Chase's proof of claim and the review of the Debtor's proposed chapter 13 plan. The Fees were reasonable and necessary.

10. The Security Agreement provides in paragraph 8 that Chase may pay reasonable attorney's fees related to protecting its interests in a bankruptcy proceeding and such amounts paid become additional debt secured by the Security Agreement and may be recovered by Chase.

11. On November 1, 2013, the Debtor filed a Motion for Determination of Post-Petition Mortgage Fees, Expenses, and Charges [Docket No. 63] objecting to Chase's entitlement to the Fees.

## Analysis

The Court has jurisdiction over this contested matter pursuant to 11 U.S.C. § 1334. This contested matter is a core proceeding arising under title 11 pursuant to 28 U.S.C. § 157(b). The Court has constitutional authority to enter a final order in this matter under the Supreme Court's holding in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

The issue presented to the Court is whether the holder of a claim secured by a debtor's principal residence may recover its attorney fees incurred during the post-petition, pre-confirmation period when the value of the residence is less than the outstanding debt.

Chase asserts that this matter is governed by the anti-modification provisions of 11 U.S.C. 1322(b)(2). Section 1322(b)(2) provides that a chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ." 11 U.S.C. § 1322. The Debtor does not contest § 1322(b)(2)'s effect during the post-confirmation period of the chapter 13 bankruptcy case. Rather, the Debtor asserts that § 1322(b)(2) applies only after a plan has been confirmed and that 11 U.S.C. § 506(b) controls during the post-petition, pre-confirmation period.

Section 506(b) provides that "[t]o the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose." 11 U.S.C. § 506(b). Section 506 is made applicable to chapter 13 by 11 U.S.C. § 103. Under the express language of the statute, an undersecured creditor is not entitled to recover its post-petition, pre-confirmation attorney's fees and related costs. *See U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989).

Chase's Notice was filed pursuant to Federal Bankruptcy Rule 3002.1(c). The Debtor's Motion was filed pursuant to Federal Bankruptcy Rule 3002.1(e). Bankruptcy Rule 3002.1 was implemented in 2011. Rule 3002.1(c) requires a creditor secured by the Debtor's principal residence to file a detailed notice setting forth all post-petition fees, expenses and charges that it seeks to recover. FED. R. BANKR. P. 3002.1(c). Rule 3002.1(e) provides that upon a request from the debtor or the chapter 13 trustee, the Court will determine whether "payment of any claimed fee, expense or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code." FED. R. BANKR. P. 3002.1(e). The purpose of Rule 3002.1 is to aid in the implementation of § 1322(b)(5)'s requirement that a debtor be allowed to cure a default and maintain payments of a home mortgage over the life of a chapter 13 plan. FED. R. BANKR. P. 3002.1 ADVISORY COMMITTEE NOTES.

The Court's analysis for resolving the parties' dispute over the interaction of §§ 506(b) and 1322(b) must begin with the language of the statutes themselves. *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685 (1985). If the statutory language is clear, the Court's analysis must go no further as the "sole function of the courts is to enforce it [the statute] according to its

terms." *Caminetti v. United States*, 242 U.S. 470, 485 (1917) (emphasis added). The Court finds the language of the two statutes to be unambiguous.

The Fees charged by Chase in this case were related to preparation of Chase's proof of claim and the review of the Debtor's proposed chapter 13 plan. Based on the stipulated facts and the lack of any objection by the Debtor, the Court finds that payment of the Fees is an integral part of the process to cure the Debtor's default and maintain ongoing mortgage payments. Moreover, the parties stipulated that the underlying documents permit Chase to charge the Fees and that the Fees are reasonable. However, nothing in § 1322(b)(2) indicates that the calculation of the ultimate amount of the claim to be paid under the Debtor's proposed plan excludes the directives provided under § 506(b)[1]. *See Rake v. Wade*, 508 U.S. 464 (1993) (superseded in part by 11 U.S.C. § 1322(e)).

Section 506(b) has the effect of allowing a claim in favor of an over-secured creditor. The Fifth Circuit has stated that the rights granted under § 506 apply "only from the date of filing through the confirmation date." *In re T-H New Orleans LTD*, 116 F.3d 790, 797 (5th Cir. 1993). Based on the parties' stipulation in this case that Chase is undersecured, it is undeniable that under § 506(b), Chase is not entitled to payment of the Fees.

The Court's reading of § 1322(b)(2) does not change the result. Section 1322(b)(2) provides that a plan may not alter the rights of a creditor secured by a Debtor's principal residence. A chapter 13 plan is not effective until the date it is confirmed. *Hamilton v. Lanning*, 560 U.S. 505, 518 (2010). It therefore follows that the provisions of §§ 1322(b) and (e) can have no effect until the plan is confirmed. Given the limitation on the applicability of § 506(b), the two statutes co-exist without conflict or overlap. Such a result comports with the notion that a court should avoid construing one provision of a statute in such a manner that suspends or negates another. *In re Public Nat'l Bank of New York*, 278 U.S. 101, 104 (1928).

The Court is aware that another court in this district has concluded that § 1322(b) works to the exclusion of § 506(b). *See In re Rangel*, 408 B.R. 650 (Bankr. S.D. Tex, 2009), *rev'd on other grounds by In re Velazquez*, 660 F.3d 893 (5th Cir. 2011). The Court has carefully reviewed Judge Bohm's analysis. The Court is confused by footnote 7 in the opinion as it seems to support the opposite conclusion reached by Judge Bohm. Judge Bohm and I do agree that the issue is complicated and that pending direction from an appellate court, we will agree to disagree.

The Court finds that § 506 governs the award of attorney's fees and costs during the time period between the filing of a chapter 13 bankruptcy case and confirmation of a chapter 13 plan. At that point, § 506 has no further relevance and § 1322(b)(2) takes effect. Accordingly, the Court finds that an undersecured creditor secured solely by a debtor's principal residence is not entitled to payment of its attorney's fees incurred during the post-petition, pre-confirmation period under 11 U.S.C. § 506. The Debtor's Motion for Determination of Post-Petition Mortgage Fees, Expenses, and Charges Filed by JPMorgan Chase Bank, N.A. [Docket No. 63] is

---

[1] The Court notes that the application of 11 U.S.C. § 506(b) could increase or decrease the amount of the claim ultimately paid to a secured creditor based on the particular circumstances of the case.

granted. Chase's Notice of Post-Petition Mortgage Fees, Expenses, and Charges under FED. R. BANKR. P. 3002.1 is denied. A separate order consistent with this opinion will issue.

**SIGNED: March 13, 2014.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE